IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY PRESTON REED,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-2136-L-BT** |
| | § | Criminal No. **3:09-CR-62-L** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The case was referred to Magistrate Judge Paul D. Stickney,[1] who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 4, 2017, recommending that the court dismiss with prejudice this habeas action as time-barred. The magistrate judge also determined that exceptional circumstances were not present to justify equitable tolling. No objections to the Report were filed.

After carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses without prejudice** this habeas action for the reasons stated in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

---

[1] By Special Order No. 3-316, all matters referred to Judge Stickney were automatically referred to United States Magistrate Judge Rebecca Rutherford on January 26, 2018, after Judge Stickney's retirement.

the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 2nd day of April, 2018.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.